IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Criminal Case 05-cr-00502-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRIS SMITH,

    Defendant,

and

Civil Case No. 08-cv-01721-WDM

KRIS SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

## ORDER ON PENDING MOTIONS

Miller, J.

This matter is before me on Defendant Kris Smith's Application for a Certificate of Appealability (Docket No. 209), to which the government does not wish to file a response, Defendant Kris Smith's Motion to Continue Order Granting Bail (Docket No. 210), which the government opposes, and the Government's Motion for Leave to File Late its Opposition for Defendant's Motion to Continue Bail (Docket No. 217), which

Defendant opposes. The motions are granted and denied as follows.

## Background

Defendant was charged in a superseding indictment (Docket No. 54) with five counts of willfully filing a false tax return in violation of 26 U.S.C, § 7206. Following a five-day trial from July 31, 2006 to August 4, 2006, presided over by the late Judge Philip S. Figa, Defendant was found guilty on four counts (the fifth was dismissed by the government before trial): (1)-(3) willfully making false statements on three federal income tax returns, specifically her returns for tax years 1999 and 2000 and a refund claim for taxes paid in 1997 and 1998, in violation of 26 U.S.C. § 7206(1); and (4) willfully failing to file a federal income tax return on behalf of NECO Associates partnership for 2003, in violation of 26 U.S.C. § 7203. After resolving post-trial motions, Judge Figa sentenced Defendant to three 24-month terms of incarceration and one 12-month term of incarceration, all terms to run concurrently. In addition, Defendant was ordered to pay $186,953 as restitution to the Internal Revenue Service. Defendant appealed to the Tenth Circuit Court of Appeals, which affirmed the conviction. Docket No. 159.

Defendant thereafter filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket No. 171) alleging ineffective assistance of counsel in violation of her Sixth Amendment rights. I denied that motion (Docket No. 208) on March 16, 2010 on the grounds that Defendant had not shown that any alleged errors by her trial counsel resulted in prejudice.

## Discussion

1. <u>Certificate of Appealability</u>

Defendant seeks a certificate of appealability on the merits of her section 2255 motion as well as on the denial of her request for a full evidentiary hearing.[1]  A certificate of appealability may issue if the applicant has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c).  To obtain a certificate of appealability where the applicant's claims have been addressed on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I agree with Defendant that reasonable jurists could disagree about whether Defendant's trial counsel's performance was deficient and whether any of the alleged errors resulted in prejudice to the Defendant, in light of the full record.  Accordingly, a certificate of appealability should issue with respect to the merits of Defendant's section 2255 motion.

However, Defendant has not shown that the denial of her "conditional" request for an evidentiary hearing amounted to a denial of a constitutional right.  I note that in Defendant's original request, she asserted that she wished to present the live testimony of her expert witness, William Cohan, at a hearing and to more fully cross-examine her trial counsel.  She did not, however, state any intention to present her own testimony, as she now claims she would have.  She also has not identified how any of this evidence

---

[1] Defendant filed a document entitled "Conditional Request for Evidentiary Hearing" (Docket No. 193), which still shows as pending on the Court's docket sheet.  In that filing, Defendant requested an evidentiary hearing in the event that I deemed the record insufficient to entitle Defendant to relief.  I determined that the record to be adequate and therefore did not hold an additional evidentiary hearing.  Accordingly, the motion should be denied as moot.

would have affected my analysis. Accordingly, Defendant is not entitled to a certificate of appealability regarding this aspect of my resolution of her claims.

2. <u>Government's Motion for Leave to File Late Response</u>

On March 25, 2010, Defendant moved to continue her bail, discussed below. By minute order, I directed the government to respond on or before April 5, 2010. The government admits that it inadvertently neglected to timely file its response. Although the government does not show good cause for the omission, it ultimately filed a response two days after my deadline. Defendant has not shown any prejudice from the untimely filing and my decision-making benefits from full briefing on the relevant issues. Accordingly, I will grant the government's motion.

3. <u>Defendant's Motion to Continue Bail</u>

I permitted Defendant to remain on bail pending my review of her section 2255 motion. However, when I denied this motion, I ordered her to report to the Bureau of Prisons by Monday, April 19, 2010. Defendant now seeks to remain out of custody pending her appeal of my order.

Defendant cites Rule 23 of the Federal Rules of Appellate Procedure, which concerns "Custody or Release of a Prisoner in a Habeas Corpus Proceeding." This rule has several applicable provisions. In part, it provides that "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be [released or detained in appropriate custody]." F.R.A.P 23(b). In addition, the rule provides that "[a]n initial order governing the prisoner's custody or release . . . continues in effect pending review unless for special reasons shown to the

court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued." F.R.A.P. 23(d). Defendant appears to argue that Rule 23(d) means that my prior order must continue pending the review by the Tenth Circuit Court of Appeals. I disagree. Rule 23(a) clearly gives me discretion to order that Defendant either be released or detained in custody. I read Rule 23(d) as simply giving effect to my prior order in the absence of any superseding or intervening order regarding custody even after jurisdiction over Defendant is transferred upon a notice of appeal.

It appears that the applicable standard for determining whether to release an unsuccessful applicant for habeas corpus involves two issues: (1) whether there are substantial questions presented by the appeal; and (2) whether there is some circumstance making the application exceptional and deserving of special treatment in the interest of justice. *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (examining "special reasons" language in comparable Supreme Court rule). I have already found that Defendant's case presents issues upon which reasonable jurists can debate. In addition, because Defendant's sentence is relatively short, two years, it is possible that she would have already served her sentence by the time a decision is made on her appeal, thus making any potential relief regarding the sentence of incarceration moot. I recognize that continuing Defendant's bail would be exceptional given that she has been tried and convicted and her conviction upheld on appeal; nevertheless, the unusual circumstances presented here justify her continued release pending final resolution by the appellate court.

Accordingly, it is ordered:

1. Defendant Kris Smith's Application for a Certificate of Appealability (Docket No. 209) is granted.

2. Defendant Kris Smith's Motion to Continue Order Granting Bail (Docket No. 210) is granted. Defendant's bail shall continue under the conditions previously set forth in my order dated October 9, 2008 (Docket No. 188).

3. The Government's Motion for Leave to File Late its Opposition for Defendant's Motion to Continue Bail (Docket No. 217) is granted.

4. Defendant's Conditional Request for Evidentiary Hearing (Docket No. 193) is denied as moot.

DATED at Denver, Colorado, on April 22, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge